The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor, the records contained in the Commission's file in this matter and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award except for minor modifications. The Full Commission therefore affirms with modifications the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties prior to the hearing before the Deputy Commissioner in a Pre-Trial Agreement, at the hearing before the Deputy Commissioner and following the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant.
3. Lowe's Regional Distribution Center was a qualified self-insured employer at all relevant times. GAB Business Services, Inc., is the third-party administrator.
4. On August 4, 1997, plaintiff injured her back by an accident or specific traumatic incident that arose out of and in the course of plaintiff's employment with defendant.
5. Plaintiff's average weekly wage was $340.00.
6. Plaintiff's compensation rate is $226.67.
7. The issue is whether plaintiff is permanently and totally disabled.
8. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
 ***********
Defendant filed a Form 60, Employer's Admission of Employee's Right to Compensation, on August 19, 1997 and has paid compensation pursuant thereto since that time.
 ***********
Based upon all the competent evidence of record and the reasonable inferences therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff was born November 24, 1942 and at the time of the hearing before the Deputy Commissioner was 57 years old. She completed the eighth grade and had worked as a textile machine operator, a convenience store manager, data entry clerk and a bus station employee. Plaintiff became employed with defendant in January 1997 as a receiving clerk, unloading boxcars. She lives in North Wilkesboro, is married and has three grown children by a prior marriage.
2. On August 4, 1997, plaintiff suffered an admittedly compensable injury by accident to her back while lifting heavy boxes at work.
3. Plaintiff had no history of a back injury or back problems.
4. Plaintiff began treatment with Dr. Robert Saltzman, an orthopaedic surgeon in Statesville, for low back pain and right leg pain. Plaintiff was taken out of work by Dr. Saltzman. Plaintiff underwent a course of physical therapy and was given steroids and pain medication and cortisone and epidural injections. Thereafter, plaintiff's condition improved and then worsened, as she would aggravate her injury each time she returned to her job. Neither epidural injections nor physical therapy gave her lasting relief. Dr. Saltzman was of the opinion that there was nothing more he could do for her, and released plaintiff from treatment on February 2, 2000 with permanent work restrictions of no lifting, pushing, pulling, or carrying over 20 pounds, and no bending, twisting, stooping and squatting.
5. On October 6, 1998, plaintiff began treatment at her own expense with Dr. Ernest Cohn, a chiropractor in Wilkesboro. Plaintiff complained of low back pain radiating down her right leg to her ankle. His initial treatment of plaintiff alleviated much of her pain, and Dr. Cohn released her to return to light duty work. Light duty was not made available to plaintiff by Lowe's, and after working regular duty unloading boxcars at Lowe's for two weeks, she re-aggravated her back injury and had to stop working. Following Dr. Cohn's last treatment of plaintiff, which was after her exacerbation during her trial return to work at Lowe's, he was of the opinion, which the Full Commission finds as a fact, that plaintiff was not capable of work as a cashier. He stated, "I know I wouldn't hire her. . . ."
6. On August 10, 1999, plaintiff sought treatment for her low back pain at her own expense with Dr. Robert Wodecki, a rheumatologist. Dr. Wodecki was of the opinion, which the Full Commission finds as a fact, that plaintiff would find it difficult to find any employment, especially with her physical and age limitations. Pursuant to a February 22, 1999 functional capacity exam, Dr. Wodecki was of the opinion, which the Full Commission finds as fact, that plaintiff could not perform a full time job and that her degree of physical impairment was quite severe.
7. Annie Levan, the Director of Physical Therapy Services at Davis Hospital in Statesville, at the request of Dr. Wodecki, performed a functional capacity exam for Ms. Kidd on February 22, 2000. The functional capacity exam revealed that plaintiff's physical capability fell below the sedentary level as defined by the U.S. Department of Labor. Plaintiff could not have worked in any full-time, eight-hour job. The U.S. Dictionary of Occupational Titles does not contain any jobs below the sedentary level; thus, there are no known jobs for which plaintiff might qualify. Plaintiff was capable of working only two to four hours per day but there are no such jobs available to plaintiff in her condition.
8. Rebecca Mayes, branch counselor with the Employment Security Commission in North Wilkesboro, who has a Certified Counselor's Certification and Professional Counselor's License, met with plaintiff several times. Plaintiff was conscientious about looking for a job, but had physical restrictions; i.e., she had trouble sitting, standing and was in constant pain and she had only completed the eighth grade. Ms. Mayes was unable to find any suitable employment for plaintiff. She had never been able to place anyone who was 50 years old and who had chronic back pain and an eighth-grade education.
9. Vicki Crawford, whom defendant hired to be plaintiff's vocational rehabilitation counselor, worked with plaintiff for eleven months. In that time plaintiff was compliant but no willing employers were found. Lowe's, the largest single employer in Wilkes County, has indicated that it is not interested in hiring her back. In short, because of her age, lack of education, lack of skills and lack of employment experience in jobs that she might be able to handle considering her work restrictions, she is incapable of employment in her home county.
10. Except for several unsuccessful attempts to return to work at her job unloading boxcars, plaintiff has been totally disabled as a result of her compensable injury since August 4, 1997 and is not likely to be able to find a job earning wages for the remainder of her life.
11. Plaintiff's authorized physician, Dr. Saltzman, has no more to offer her medically.
12. Plaintiff has sought relief from her pain at her own expense from a rheumatologist and a chiropractor, but without any lasting effect.
13. Plaintiff has conscientiously sought employment through the North Carolina Employment Security Commission and through employer-provided vocational rehabilitation assistance, but has not received any interest from any employer in hiring her. Plaintiff's functional capacity exam reflects that she is not capable of performing any full-time employment, or any jobs listed in the U.S. Dictionary of Occupational Titles.
14. Plaintiff is unable to work at any full time job and has searched diligently for a job but without success. No employer in her home county would hire her on a part time basis considering her age, lack of education and lack of skill and experience. Vocational professionals have been unable to find any suitable job within plaintiff's restrictions.
15. Due to plaintiff's age, education, training, physical condition and the resulting impairment and work restrictions, plaintiff is unable to obtain employment, and it would be futile for her to continue to attempt to do so.
16. Plaintiff did not seek approval from the Industrial Commission for her treatment by Dr. Wodecki and Dr. Cohn nor did defendant authorize such treatment. No emergency reason for such treatment has been shown.
 ***********
Based upon the foregoing stipulations and findings of fact the Full Commission reaches the following additional:
 CONCLUSIONS OF LAW
1. On August 4, 1997, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of her employment with defendant. N.C. Gen. Stat. § 97-2(6).
2. Due to plaintiff's age, education, training, physical condition and resulting physical and work restrictions, and as evidenced by plaintiff's unsuccessful efforts to obtain work as well as the unsuccessful efforts of vocational rehabilitation, it would be futile for plaintiff to continue to seek employment.
3. Based upon plaintiff's physical condition and resulting work restrictions, age, education, training, and work experience, plaintiff is permanently and totally disabled from suitable employment as a result of her compensable injury of August 4, 1997.
4. As a result of plaintiff's total incapacity for work that was proximately caused by her compensable injury by accident, plaintiff is entitled to receive disability compensation and medical compensation during her lifetime. N.C. Gen. Stat. § 97-29.
5. Since plaintiff did not seek approval from the Industrial Commission for her treatment by Dr. Wodecki and Dr. Cohn, since defendant did not authorize it and since no emergency reason for such treatment has been shown, defendant is not responsible for the cost thereof heretofore incurred. This conclusion is without prejudice to plaintiff's seeking of treatment from any medical provider in the future. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law the Full Commission enters the following:
 AWARD
1. Defendant shall continue to pay total disability compensation at a rate of $226.67 per week for the remainder of plaintiff's lifetime for her compensable injury by accident. This compensation is subject to an attorney's fee approved in Paragraph 2.
2. A reasonable attorney's fee of 25% of compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel. Defendant shall pay directly to plaintiff's counsel every fourth weekly payment of compensation.
3. Defendant shall pay all medical expenses accrued by plaintiff as a result of her compensable injury by accident, excluding those incurred prior to the date of this Opinion and Award in treatment by Drs. Wodecki and Cohn. This is without prejudice to a proper motion for a change of physician or an additional physician for future treatment.
4. Defendant shall pay the costs.
This 13th day of August 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________ RENE C. RIGGSBEE COMMISSIONER